UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RENAUL E. GLOVER, SR.,

                Petitioner,

     v.                                                Case No. 18-CV-315

PAUL KEMPER,

                Respondent.

---

## RECOMMENDATION

---

### 1. Background

    Renaul E. Glover, Sr., who is incarcerated pursuant to a judgment of the Kenosha County Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) He presents three grounds for relief in his petition: (1) trial counsel was ineffective for not moving to suppress evidence obtained pursuant to a search warrant; (2) trial counsel was ineffective for not moving to suppress witness identifications; and (3) trial counsel was ineffective for not objecting when the prosecutor in closing argument allegedly bolstered the credibility of a detective. (ECF No. 1 at 6-8 (all citations to the record reflect the ECF pagination).)

The respondent has moved to dismiss Glover's petition, arguing that Glover procedurally defaulted all three claims by not fairly presenting them to the Wisconsin Supreme Court. (ECF No. 13.) Specifically, as to the first claim the respondent argues that, rather than presenting the claim as one alleging that his counsel was ineffective for failing to move to suppress the evidence, Glover argued simply that the evidence seized pursuant to the search warrant should have been suppressed. As for the second and third claims, the respondent argues that Glover procedurally defaulted them by not explaining the facts on which they were based, by not citing any supporting case law, and by not presenting any argument on them to the Wisconsin Supreme Court.

## 2. Legal Standard

"A federal court may not grant an application for a writ of habeas corpus from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief." *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister*, 834 F.3d 808, 815-16 (7th Cir. 2016) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). "Fair presentment requires assertion of a federal claim through 'one complete round of state-court review,' which means that 'the petitioner must raise the issue at each and every level in the state court
2

system, including levels at which review is discretionary rather than mandatory.'" *King*, 834 F.3d at 816 (quoting *Lewis*, 390 F.3d at 1025-26). "Fair presentment of an issue requires a petitioner to put forward both the operative facts and the controlling legal principles." *Pole v. Randolph*, 570 F.3d 922, 936 (7th Cir. 2009) (citing *Sanders v. Cotton*, 398 F.3d 572, 580 (7th Cir. 2005)). Fair presentment does not necessarily require that the federal claim be presented explicitly; rather, it requires only that "the substance of a federal habeas corpus claim must first be presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 278 (1971); *White v. Peters*, 990 F.2d 338, 341 (7th Cir. 1993) ("[A]lthough a habeas petitioner need not set forth constitutional chapter and verse to exhaust his state remedies, he must do more than simply set forth the underlying facts related to his federal constitutional claim.") (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)).

> The United States Court of Appeals for the Seventh Circuit has identified four factors to consider in determining whether a petitioner has avoided default: (1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; [and] (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Whatley v. Zatecky*, 833 F.3d 762, 771 (7th Cir. 2016) (citing *Smith v. Brown*, 764 F.3d 790, 796 (7th Cir. 2014)). "All four factors need not be present to avoid default, and conversely, a single factor alone does not automatically avoid default." *Id.*

"[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material … that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). "If the petitioner fails to [fairly present a claim to a state court] and the opportunity to raise that claim in state court has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition." *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007).

**3. Analysis**

**3.1. Ineffective Assistance Regarding Motion to Suppress**

Glover was convicted of, among other things, three counts of burglary of a building or dwelling. Evidence obtained from Glover's home as a result of the execution of a search warrant was introduced at trial. Following trial, Glover filed a postconviction motion, arguing ineffective assistance of trial counsel for failing to move to suppress the evidence obtained pursuant to the allegedly overbroad search warrant. That motion was denied. Glover appealed to the Wisconsin Court of Appeals, again arguing that his trial counsel was ineffective for failing to move to suppress. The Court of Appeals affirmed the circuit court's decision.

When Glover asked the Wisconsin Supreme Court to review his case, he identified two issues presented in his petition: "May the State Argue for the First Time

4
Case 2:18-cv-00315-PP   Filed 01/09/19   Page 4 of 10   Document 18

on Appeal that the Good Faith Exception Applies to Police Reliance on an Overly-Broad Search Warrant," and "May the Good Faith Exception to Suppression Apply Where the Veteran Detective Knew He Had to Include Specific Information, Had Specific Information, But Chose Not to Include It in the Overly-Broad Warrant He Then Relied on to Search the Defendant's Home." His petition emphasized the alleged violation of his rights under the Fourth Amendment. He did not cite to the Sixth Amendment, controlling federal case law regarding the right to the effective assistance of counsel, or the constitutional standard for ineffective assistance of counsel.

But a reader familiar with criminal appellate procedure (which would surely include any Wisconsin Supreme Court justice) would have readily recognized from the petition for review that the claim was being presented in the context of a claim of ineffective assistance of counsel. In his petition to the Wisconsin Supreme Court Glover noted that his attorney did not file any motions to suppress. (ECF No. 14-6 at 4.) A knowledgeable reader would recognize that the only way the court could reach a Fourth Amendment claim would be through the gateway of a Sixth Amendment claim alleging ineffective assistance of counsel. But, more explicitly, Glover stated that following his conviction he argued he was denied effective assistance of counsel because his attorney did not make arguments in favor of suppression. (ECF No. 14-6 at 6-7.) In describing the litigation in the court of appeals, Glover explicitly described his claim as one of ineffective assistance of counsel for counsel's failure to move to suppress

evidence seized during the execution of a search warrant. (ECF No. 14-6 at 10 ("With regard to his claim that he was denied the effective assistance of counsel as his attorney failed to move to suppress the evidence obtained from the unlawful search warrant ….").)

Glover further noted that the trial court held a *Machner* hearing regarding the claim, *see State v. Machner*, 92 Wis. 797, 804, 285 N.W.2d 905 (Ct. App. 1979) (ECF No. 14-6 at 7), which a knowledgeable reader would recognize as the procedural route for establishing the factual background for a claim of ineffective assistance of counsel in Wisconsin. Glover even referred to the hearing as a "*Machner*/suppression hearing" (ECF No. 14-6 at 3, 9), making it clear to a knowledgeable reader that the suppression issue was intertwined with a claim of ineffective assistance of counsel. The court finds that Glover gave the Wisconsin Supreme Court "an opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim," *Picard v. Connor*, 404 U.S. 270, 277 (1971), and therefore fairly presented his claim that his trial counsel was ineffective for not filing a motion to suppress.

At most, Glover can be said to have shifted his emphasis in the interest of making the most persuasive argument for review. A possible strategic reason for doing so is made apparent from reading the state's response to his petition for review. The state emphasized that the Fourth Amendment claim arose only in the context of a claim of ineffective assistance of counsel. As a result, arguing that Glover's case was a poor

6
Case 2:18-cv-00315-PP   Filed 01/09/19   Page 6 of 10   Document 18

vehicle for development of the law of ineffective assistance of counsel, it contended that review was inappropriate. (ECF No. 14-7 at 7-9.)

Or Glover's shift in emphasis simply might have been a response to the court of appeals' handling of the matter. The court of appeals' decision emphasized the applicability of the *Leon* good faith exception to the exclusionary rule, *see United States v. Leon*, 468 U.S. 897, 918 (1984). (ECF No. 14-5, ¶¶ 10-12.) It should not be surprising that Glover, in turn, focused on the *Leon* and Fourth Amendment issues when seeking review of the court of appeals' decision.

Unlike the petitioner in *Baldwin v. Reese*, 541 U.S. 27, 33 (2004), Glover *did* provide the factual basis to support a claim of ineffective assistance of counsel. (ECF No. 14-6 at 4-11). Moreover, the argument that the Court found waived (and thus did not consider) in *Reese*, 541 U.S. at 33-34, applies here. There is no distinction between a claim of ineffective assistance of counsel under federal law as opposed to such a claim under Wisconsin law. *State v. Sanchez*, 201 Wis. 2d 219, 236, 548 N.W.2d 69, 76 (1996). "When the state and federal analyses are identical, it can be fairly said that the state has had an opportunity to resolve the issue on the merits, as happened here." *Whatley v. Zatecky*, 833 F.3d 762, 771 (7th Cir. 2016). Thus, Glover's failure to explicitly cite controlling federal law did not create the risk that the Wisconsin Supreme Court might have thought that when Glover referred to "ineffective assistance of counsel" he was alleging some violation of state rather than federal law.

Comity concerns underlie the exhaustion and the fair presentment requirements. *Reese*, 541 U.S. at 32. The court finds no such concerns infringed when a federal court considers whether Glover received constitutionally ineffective assistance when his trial counsel failed to file a motion to suppress. On reading Glover's petition for review, the Wisconsin Supreme Court "was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." *Whatley*, 833 F.3d at 771 (quoting *McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013)).

In sum, although not identifying federal case law, Glover identified state case law that applies the same standard. He framed the claim in terms sufficient to call to mind the relevant constitutional right, and the facts he alleged are "well within the mainstream of constitutional litigation." Therefore, the court finds Glover fairly presented his claim that his trial counsel was ineffective for failing to move to suppress evidence obtained pursuant to the search warrant.

### 3.2. Other Ineffective Assistance Claims

However, the court cannot conclude the same with respect to the other claims in his present petition.

In his petition for review, Glover offered the following:

> Mr. Glover raised two additional claims seeking a new trial on grounds of ineffective assistance of counsel to the Court of Appeals: (1) that counsel failed to move to suppress the improper identifications of two witnesses to the second burglary; and (2) that counsel failed to object when the State in closing improperly bolstered the credibility of its lead detective by relying on facts not in evidence.

> The Court of Appeals held that (1) trial counsel's strategic decision not to challenge the identifications was reasonable and (2) though the State's comments were "improper", counsel had a valid strategic reason for not objecting.
>
> While Mr. Glover does not present these arguments as issues warranting review on their own, should this Court grant his petition for review, he would continue to argue these additional grounds for a new trial.

(ECF No. 14-6 at 19-20 (internal citations omitted).) The respondent argues that this terse argument was insufficient to fairly present the claims to the Wisconsin Supreme Court and that Glover has procedurally defaulted them. The court agrees.

Although the court accepts, as discussed above, that by referring to "ineffective assistance of counsel" Glover implicated the federal constitutional right, Glover failed to provide any factual basis for these claims. The Wisconsin Supreme Court would not have understood or appreciated the nature of Glover's latter two claims. This falls far short of "fair presentment." Therefore, the court finds that Glover procedurally defaulted his claims that trial counsel was ineffective for not moving to suppress witness identifications and for not objecting when the prosecutor in closing argument allegedly bolstered the credibility of a detective. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

Glover does not offer any argument that his procedural default should be excused. Consequently, the court finds any such argument to have been waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000).

### 4. Conclusion

**IT IS THEREFORE RECOMMENDED** that the respondent's motion to dismiss be **denied** as to his claim that trial counsel was ineffective for not moving to suppress evidence obtained pursuant to a search warrant and **granted** as to his claims that his trial counsel was ineffective for not moving to suppress witness identifications and that his trial counsel was ineffective for not objecting when the prosecutor in closing argument allegedly bolstered the credibility of a detective.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 9th day of January, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge