UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RENAUL E. GLOVER SR.,

        Petitioner,

v.                                           Case No. 18-cv-315-pp

PAUL KEMPER,

        Respondent.

---

**ORDER OVERRULING OBJECTION (DKT. NO. 20), ADOPTING JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 18), GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS (DKT. NO. 13) AND ORDERING RESPONDENT TO RESPOND TO GROUND ONE OF PETITION**

---

On March 1, 2018, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. Magistrate Judge William E. Duffin screened the petition under Rule 4 of the Rules Governing Section §2254 Cases and allowed the petitioner to proceed on all of his asserted grounds for relief. Dkt. No. 6. Because one of the parties didn't consent to Judge Duffin's authority to decide the case, the Clerk of Court transferred the case to this court. The respondent filed a motion to dismiss the petition, dkt. no. 13, and this court referred the motion back to Judge Duffin for a report and recommendation, dkt. no. 15. He issued that report and recommendation on January 9, 2019, recommending that this court deny the motion to dismiss as to Ground One, but grant it as to Grounds Two and Three. Dkt. No. 18. On January 18, 2019, the respondent objected to part of the recommendation, arguing that the court should grant the motion to dismiss Ground One. Dkt.

1

No. 20. The petitioner also filed a response to Judge Duffin, informing the court that he did not oppose Judge Duffin's recommendation. Dkt. No. 19. The court overrules the respondent's objection, adopts Judge Duffin's report and recommendation, and orders the respondent to respond to ground one of the petition.

I.  **BACKGROUND**

The petition challenged the petitioner's 2013 conviction in Kenosha County Circuit Court for burglary, theft and bail jumping. Dkt. No. 1 at 1. It listed "Ground One" as "[the petitioner's] attorney failed to move to suppress the evidence obtained from the overly-broad warrant and excessive execution." Dkt. No. 1 at 6. He listed "Ground Two" as "[the petitioner] was denied the effective assistance of counsel where his attorney failed to move to suppress the improper identifications of Eric and Gretchen S." Id. at 7. He listed "Ground Three" as "[petitioner's] counsel was ineffective for failing to object when the State improperly bolstered the credibility of its lead detective in closing by relying on facts not in evidence." Id. at 8. In his screening order, Judge Duffin construed each of these grounds as "ineffective assistance of counsel" claims arising under the Sixth Amendment. Dkt. No. 6 at 2. In his brief supporting his motion to dismiss Ground One, the respondent argued that the petitioner had procedurally defaulted his claims by not fairly presenting any of them in his petition for review to the Wisconsin Supreme Court. Dkt. No. 14.

    A.    <u>Judge Duffin's Report and Recommendation</u> (Dkt. No. 18)

After reviewing the respondent's arguments, Judge Duffin recounted the law mandating that federal *habeas* petitioners "fairly present" their claims in state court before presenting them in federal court. Dkt. No. 18 at 2 (quoting <u>King v. Pfister</u>, 834 F.3d 808, 815-16 (7th Cir. 2016)). He noted that the

exhaustion requirement mandated that a petitioner "fairly present" the issues at each and every level of the state court system. Id. at 2-3 (quoting King, 834 F.3d at 816). Judge Duffin observed that "fair presentment does not necessarily require that the federal claim be presented explicitly; rather, it requires only that 'the substance of a federal habeas corpus claim must first be presented to the state courts.'" Id. at 3 (quoting Picard v. Connor, 404 U.S. 270, 278 (1971)).

Judge Duffin found that the petitioner had fairly presented Ground One in state court. Id. at 8. He observed that the petitioner explicitly had brought his claim for "ineffective assistance of counsel for failing to move to suppress the evidence obtained pursuant to the allegedly overbroad search warrant" in both a circuit court post-conviction motion and in his pleadings to the Wisconsin Court of Appeals. Id. at 4. As for whether the petition for review to the Wisconsin Supreme Court had properly presented Ground One, Judge Duffin reasoned that while the petition did not cite the Sixth Amendment, "a reader familiar with criminal appellate procedure (which would surely include any Wisconsin Supreme Court justice) would have readily recognized from the petition for review that the claim was being presented in the context of a claim for ineffective assistance of counsel." Id. at 5. He found that petition for review had sufficiently alerted the Wisconsin Supreme Court "'to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis.'" Id. at 8 (quoting Whatley v. Zatecky, 833 F.3d 762, 771 (7th Cir. 2016)).

As for the petitioner's other two grounds for federal *habeas* relief, Judge Duffin concluded that the Wisconsin Supreme Court petition did not provide a sufficient factual basis for the Wisconsin Supreme Court to consider those claims. Id. at 8-9. Accordingly, "the Wisconsin Supreme Court would not have understood or appreciated the nature of Glover's latter two claims." Id. at 9.

3

Judge Duffin found that the petitioner had procedurally defaulted on Grounds Two and Three—ineffective assistance for failure to challenge witness identification and ineffective assistance for failure to object to bolstering argument at closing. Id. Judge Duffin remarked that the petitioner had not advanced any arguments to excuse his procedural default of Grounds Two and Three, concluding that "any such argument to have been waived." Id. at 9 (citing United States v. Melgar, 227 F.3d 1038, 1040 (7th Cir. 2000)).

    C.    Petitioner's Response (Dkt. No. 19)

On January 18, 2019, the court received a one-page letter from the petitioner. Dkt. No. 19. The letter stated:

> PLEASE TAKE NOTICE, that the above said petitioner is hereby responding to the court's decision in Case No. 18-CV-315. The petitioner is in full agreement with the court decision & order regarding the fact that my trial counsel was ineffective for not filing a requested motion to suppress.
>
> However, I will be awaiting to hear from the respondents as to their position on the court's order. If this case is reversed and remanded back to the circuit court of Kenosha county, the petitioner will be requesting for the trial court to appoint counsel at county expense pursuant to sections 977.08(1)-(5)-Stat. Until then, I will again await to hear from this court and the respondents, as I thank you for your time in this matter.

Dkt. No. 19.

    D.    Respondent's Objection (Dkt. No. 20)

The same day the court received the petitioner's letter, it received the respondent's partial objection to the report and recommendation, asking this court to dismiss Ground One as procedurally defaulted. Dkt. No. 20 at 1. The respondent argued that Judge Duffin erred in concluding that the Wisconsin Supreme Court would have recognized the petitioner's Fourth Amendment arguments as arising through a Sixth Amendment gateway. Dkt. No. 20 at 3-4.

4

The respondent contended that the Wisconsin Supreme Court could have thought that the petitioner was presenting novel, stand-alone Fourth Amendment claims that had not been litigated in the courts below. Id. (citing State v. Griffith, 236 Wis. 2d 48 (Wis. 2000); State v. Wilson, 376 Wis. 2d 92 (Wis. 2017); and State v. Inglin, 224 Wis. 2d 764, 767, n. 2 (Wis. Ct. App. 1999) as cases where Wisconsin appellate courts elected to review otherwise waived issues).

In the respondent's view, the petitioner re-formulated his claim from a Sixth Amendment claim in the Court of Appeals to a Fourth Amendment Claim in his petition to the Wisconsin Supreme Court. Id. at 4-5. The respondent asserted that the petitioner re-formulated his claim from a Fourth Amendment claim *back* to a Sixth Amendment claim in his federal *habeas* petition. Dkt. No. 20 at 5. The respondent cited Novak v. Kemper, No. 16-CV-1116 (E.D. Wis. 2017) as a case in which Judge Joseph "found an ineffective assistance claim procedurally defaulted on indistinguishable facts[.]" Id. at 6. He says that, like the petition in Novak, the petition for review here cited only Fourth Amendment cases, did not mention ineffective assistance of counsel in his "issues presented" section, and mentioned ineffective assistance of counsel only in passing when discussing the background of the case. Id. 7.

The respondent also re-argued points that he made to Judge Duffin about fair presentment. Id. at 8. He characterized the petitioner as making "passing references" to ineffective assistance of counsel in his petition for review. Id. He argues that Hicks v. Hepp, 871 F.3d 513, 531-32 (7th Cir. 2017) compels the conclusion that the petitioner procedurally defaulted his claim; the petitioner's "attempt to raise his Ground One ineffective assistance claim fell

5

far below the petitioner's inadequate effort in *Hicks*." Id. at 9. The respondent asked this court find that the petitioner fell short of fair presentment. Id. at 10.

## II. ANALYSIS

### A. Standard of Review

The Federal Rules of Civil Procedure apply in *habeas* cases. Rule 12, Rules Governing Section 2254 Cases in the United States District Court. Rule 72(b)(1) allows a district court to refer a case to magistrate judge, who then "conduct[s] the required proceedings," and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "*specific* written objections." Fed. R. Civ. P. 72(b)(2) (emphasis added); see also 28 U.S.C. §636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which an objection is made"). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks. v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

6

The respondent timely objected only to Judge Duffin's recommendation that the court should not dismiss Ground One. The court reviews Judge Duffin's recommendation to dismiss Grounds Two and Three for clear error and his recommendation to deny dismissal as to Ground One *de novo*. Johnson, 170 F.3d at 741.

B. <u>Fair Presentment</u>

The respondent has not asserted that Judge Duffin misstated the law on "fair presentment." Accordingly, the court will adopt Judge Duffin's recitation of the Seventh Circuit law on "fair presentment":

> A federal court may not grant an application for a writ of habeas corpus from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief." *Gonzales v. Mize*, 565 F.3d 373, 380 (7th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister*, 834 F.3d 808, 815-16 (7th Cir. 2016) (quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). "Fair presentment requires assertion of a federal claim through 'one complete round of state-court review,' which means that 'the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.'" *King*, 834 F.3d at 816 (quoting *Lewis*, 390 F.3d at 1025-26). "Fair presentment of an issue requires a petitioner to put forward both the operative facts and the controlling legal principles." *Pole v. Randolph*, 570 F.3d 922, 936 (7th Cir. 2009) (citing *Sanders v. Cotton*, 398 F.3d 572, 580 (7th Cir. 2005)). Fair presentment does not necessarily require that the federal claim be presented explicitly; rather, it requires only that "the substance of a federal habeas corpus claim must first be presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 278 (1971); *White v. Peters*, 990 F.2d 338, 341 (7th Cir. 1993) ("[A]lthough a habeas petitioner need not set forth constitutional chapter and verse to exhaust his state remedies, he must do more than simply set forth the underlying facts related to his federal constitutional claim.") (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)).

The United States Court of Appeals for the Seventh Circuit has identified four factors to consider in determining whether a petitioner has avoided default:

(1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; [and] (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Whatley v. Zatecky*, 833 F.3d 762, 771 (7th Cir. 2016) (citing *Smith v. Brown*, 764 F.3d 790, 796 (7th Cir. 2014)). "All four factors need not be present to avoid default, and conversely, a single factor alone does not automatically avoid default." *Id.*

"[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material … that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). "If the petitioner fails to [fairly present a claim to a state court] and the opportunity to raise that claim in state court has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition." *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007).

Dkt. No. 18 at 2-4. "At bottom, [a court] must consider whether the state court was sufficiently alerted to the federal constitutional nature of the issue to permit it to resolve that issue on a federal basis." Whatley, 833 F.3d at 771 (7th Cir. 2016).

C.  Ground One

The Wisconsin Court of Appeals' August 9, 2017 *per curiam* decision noted that the petitioner had filed "a postconviction motion, arguing ineffective assistance of trial counsel. Following a [*State v.*] *Machner* [92 Wis. 2d 797 (Ct. App. 1979)] hearing, the circuit court denied [the petitioner's] motion." Dkt. No. 14-5 at 2. Both the petitioner's brief to the Wisconsin Court of Appeals, dkt. no.

8

14-2, and the court of Appeals' decision, dkt. no. 14-5, reflected that the petitioner presented his claims on appeal as: (1) "[the petitioner] was denied the effective assistance of counsel where his attorney failed to move to suppress the evidence obtained from the overly-broad warrant and excessive execution"; (2) "[the petitioner] was denied the effective assistance of counsel where his attorney failed to move to suppress the improper identifications of [witnesses]"; and (3) "[the petitioner] was denied the effective assistance of counsel where his attorney failed to object when the state improperly bolstered the credibility of its lead detective by relying on facts not in evidence." Dkt. Nos. 14-2 at 3-4; 14-5 at 2. The petitioner fairly presented Ground One to the Wisconsin Court of Appeals as an ineffective-assistance-of-counsel claim, and said as much.

The Court of Appeals denied the petitioner's claim for ineffective assistance of counsel for failing to move suppress evidence from an insufficient warrant. Dkt. No. 14-2. The court observed that at the Machner hearing before the circuit court, trial counsel testified that he did not believe the motion to suppress would have been valid. Dkt. No. 14-2 at 5. The appellate court found this to be a reasonable strategic decision: "it was reasonable to conclude that the circuit court would have applied the good faith exception to the exclusionary rule to deny the motion." Id. The Court of Appeals cited State v. Scull, 361 Wis. 2d 288 (Wis. 2015), as authority for when Wisconsin courts apply the good-faith exception. Id. It then discussed why the warrant would have been saved by the good faith exception. Dkt. No. 14-5. "Accordingly, trial counsel was not deficient as a reasonable attorney could have concluded that a motion to suppress the evidence recovered under the search warrant was not meritorious." Id. at 6.

Not surprisingly, the Court of Appeals' reasoning dictated the petitioner's arguments in his petition for review to the Supreme Court. In the "issues presented" section of the petition, the petitioner wrote:

1. May the State Argue For the First Time on Appeal that the Good Faith Exception Applies to Police Reliance on an Overly-Broad Search Warrant?

2. May the Good Faith Exception to Suppression Apply Where the Veteran Detective Knew He Had to Include Specific Information, Had Specific Information, But Chose Not to Include It in the Overly-Broad Warrant He Then Relied on to Search the Defendant's Home?

Dkt. No. 14-6 at 3. In the paragraphs following each of these issue statements, the petitioner recounted how the court of appeals had concluded that "trial counsel did not perform deficiently because he could have reasonably anticipated that the circuit court would have held that the good faith exception would apply." Id. In his "Statement of the Case" section, the petitioner spent three pages recounting testimony presented to the circuit court at his Machner hearing. Id. at 7-9. He then explicitly mentioned ineffective assistance of counsel in reviewing the grounds on which the court of appeals had denied his claims. Id. at 10-11.

The petition's "argument" section began with the text of the Fourth Amendment and cited to state and federal cases about the requirement that a warrant state with particularity the items to be seized. Id. at 11 (citing State v. Noll, 116 Wis. 2d 443, 450 (Wis. 1984); Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971); United States v. Leon, 468 U.S. 897 (1984); and State v. Eason, 245 Wis. 2d 206 (Wis. 2001)). It then addressed the procedural question raised in its issue presented section: whether the state had forfeited the ability to raise the good-faith exception to the exclusionary rule for the first time on appeal. Id. at 13-15. In one paragraph, the petitioner posited that if the sides

were flipped, the correctness of his position would be obvious: "Indeed, if [the petitioner] had raised his arguments concerning his attorney's failure to file a motion to suppress the evidence obtained from the warrant for the first time on appeal, the State would have of course (and fairly so) argued that he forfeited these arguments." Id. at 15. The petition then moved to the second ground for relief, arguing that evidence from the Machner hearing had shown that the police had knowingly drafted an insufficient warrant. Id. at 17-18. This section of the petitioner's argument cited Eason, Leon, Coolidge and Conrad v. State, 63 Wis. 2d 616, 636 (Wis. 1974). Id.

The state responded to the petition for review. Dkt. No. 14-7. It began by arguing that "[d]espite [the petitioner]'s framing of the second issue presented, he is not raising a Fourth Amendment claim but rather is raising the narrower issue of whether his trial counsel provided ineffective assistance by not making a Fourth Amendment claim. This narrower issue provides no opportunity for law development here." Id. at 4. The state charged the petitioner with "largely ignor[ing] the crucial fact that he is presenting an ineffective-assistance claim, not a Fourth Amendment claim, to this Court." Id. at 8. The state's response brief cited Strickland v. Washington, 466 U.S. 668 (1984) and argued that the Wisconsin Supreme Court would analyze the case under an ineffective assistance of counsel framework. Id. at 7.

Courts in the Seventh Circuit examine four factors to decide the question of procedural default:

> (a) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) w2hether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; or (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

11

Whatley, 833 F.3d at 771 (citing Smith v. Brown, 764 F.3d 790, 796 (7th Cir. 2014)).

As to the first factor, the petition for review did not cite cases that performed a Sixth Amendment constitutional analysis. It cited two federal cases—Coolidge and Leon—that analyzed Fourth Amendment issues. Similarly, the state cases the petitioner mentioned in the petition analyzed application of Fourth Amendment principles by Wisconsin courts. See Dkt. No. 14-6 (citing Noll, Eason, Scull, State v. Caban, Conrad v. State). None of the cases cited, federal or state, involved a Sixth Amendment ineffective assistance of counsel analysis under Strickland v. Washington, 466 U.S. 668 (1984).

As to the second factor, though, while the petition's argument section cited Fourth Amendment cases, his "issues presented" and his "statement of the case" sections framed the case as a Fourth Amendment question *within the Sixth Amendment context*. It is not unusual for criminal defendants to raise Fourth Amendment arguments in a Sixth Amendment ineffective assistance of counsel claim; federal and Wisconsin state courts have said that "[w]hen the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, we have required that a defendant prove the motion was meritorious." United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005) (citing Owens v. United States, 387 F.3d 607, 610 (7th Cir. 2004); United States v. Stewart, 388 F.3d 1079, 1084 (7th Cir. 2004)); see also State v. Pico, 382 Wis.2d 273, 295 (Wis. 2018) (collecting Wisconsin cases for the position that an attorney's performance is not deficient for failing to bring a meritless motion). The petitioner lost his ineffective assistance of counsel claim in the court of appeals because he could not show that the Fourth Amendment motion to suppress had merit, so he argued in his petition for review that the

Fourth Amendment did have merit. This choice reflects the reality that a defendant cannot prevail on an ineffective assistance of counsel without showing that he had an underlying constitutional claim that would have been successful, had his counsel raised it.

The petition for review alerted the Wisconsin Supreme Court that the petitioner was referencing the Fourth Amendment claim in the context of the ineffective assistance of counsel argument in other ways. Both paragraphs immediately following his "issues presented" section mentioned ineffective assistance of counsel. His "statement of the case" was replete with references to the <u>Machner</u> hearing; state trial courts hold <u>Machner</u> hearings when defendants raise claims of ineffective assistance of counsel claims, and the justices on the Wisconsin Supreme Court would have known this well. When the petitioner hypothesized that his reasoning would prevail were the sides flipped, he stated his claim in the ineffective assistance of counsel context.

The court agrees with Judge Duffin that "a reader familiar with criminal appellate procedure (which would surely include any Wisconsin Supreme Court justice) would have readily recognized from the petition for review that the claim was being presented in the context of a claim of ineffective assistance of counsel." <u>Id.</u> at 5. The respondent himself read the petition for review as raising the Fourth Amendment claims as arising in the context of a Sixth Amendment claim, and repeatedly argued as much in its response. The court finds it disingenuous for the respondent to argue that the Wisconsin Supreme Court would not have made the same, obvious observation.

The respondent likens the case to <u>Novak</u>, Case No. 16-cv-1116, Dkt. No. 14. There, the court found that the petitioner procedurally defaulted his ineffective assistance of trial counsel claim because he cited only Fourth

13

Amendment cases in his petition for review in the Wisconsin Supreme Court. Novak, Dkt. No. 14 at 6. The Novak decision does not bind this court; decisions from other judges in this district provide only persuasive authority. But more to the point, Novak is not on all fours with the facts in this case. In Novak, the petitioner mentioned "ineffective assistance of counsel" only once in the petition for review and his "statement of the case" section was littered, not with references to a Machner hearing, but with excerpts from the allegedly invalid warrant. Novak, dkt. no. 10-6 at 6-8.

Nor does Hicks mandate a different conclusion. The respondent argues that the Hicks petitioner presented more to the Wisconsin Supreme Court—such as labeling an "issue presented" as ineffective assistance of counsel. Dkt. No. 20 at 8-9 (citing Hicks, 871 F.3d at 531). In Hicks, however, the Seventh Circuit stressed that while the petitioner mentioned ineffective assistance of counsel in his issues presented, the petition itself "contain[ed] no argument whatsoever to support it." Hicks, 871 F.3d at 531. Here, the petition for review not only mentions ineffective assistance of counsel in the issues presented section, but also recites testimony from the Machner hearing in the statement of the case section. The petition argues that a motion to suppress, if presented, would have been successful—exactly what the petitioner would need to show in order to prevail on an ineffective assistance of counsel claim.

The petitioner sufficiently alerted the Wisconsin Supreme Court of the federal constitutional nature of his claims.

### D. Grounds Two and Three

Neither party has objected to Judge Duffin's determination that the petitioner procedurally defaulted as to Grounds Two and Three. Judge Duffin's conclusion in that regard did not constitute clear error. The court will adopt

14

Judge Duffin's findings and hold that the petitioner has procedurally defaulted Grounds Two and Three of his *habeas* petition.

### III. CONCLUSION

The court **OVERRULES** the respondent's objection. Dkt. No. 20.

The court **ADOPTS** Judge Duffin's report and recommendation. Dkt. No. 18.

The court **GRANTS IN PART** and **DENIES IN PART** the respondent's motion to dismiss. Dkt. No. 13.

The court **ORDERS** that Grounds Two and Three of the petitioner's *habeas* petition are **DISMISSED.**

The court **ORDERS** that by the end of the day on **Friday, August 30, 2019**, the respondent shall file a responsive pleading to Ground One.

The court **ORDERS** that the parties shall comply with the following schedule for filing briefs on the merits of the petitioner's claim:

(1) the petitioner has forty-five (45) days after he receives the respondent's answer to file a brief in support of his petition;

(2) the respondent has forty-five (45) days after the petitioner's brief is docketed to file the respondent's brief in opposition; and

(3) the petitioner has thirty days (30) after he receives the respondent's opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five (45) days of the date he receives the respondent's motion. If the respondent chooses to file a reply brief,

he must do so within thirty (30) days of the date the petitioner's opposition brief appears on the docket.

The parties must send in their documents in time for the court to *receive* them by the deadlines stated above.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages, not counting any statements of facts, exhibits and affidavits. The court requires the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 24th day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**