UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RENAUL E. GLOVER, SR.,

       Petitioner,

v.                                                     Case No. 18-cv-315-pp

NICHOLAS REDEKER,[1]

       Respondent.

---

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

On March 1, 2018, the petitioner, who is in custody at the John C. Burke Correctional Center and who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2014 conviction in Kenosha County Circuit Court for burglary, theft and bail jumping. Dkt. No. 1 at 1; see also State v. Glover, Kenosha County Case No. 13CF202 (available at https://wcca.wicourts.gov). On July 24, 2019, the court overruled the respondent's objection to Judge Duffin's report and recommendation, adopted the report and recommendation, granted in part and denied in part the respondent's motion to dismiss the petition and set a briefing schedule for the

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that a petitioner who is in custody under a state-court judgment must name as the respondent the officer who has custody. Because the petitioner now is in custody at the John C. Burke Correctional Center, the court has substituted the name of the warden of that facility, Nicholas Redeker, as the respondent.

1

petitioner's remaining claim. Dkt. No. 21. The court's briefing schedule provided that

> by the end of the day on Friday, August 30, 2019, the respondent shall file a responsive pleading to Ground One. The court **ORDERS** that the parties shall comply with the following schedule for filing briefs on the merits of the petitioner's claim:
>
> (1) the petitioner has forty-five (45) days after he receives the respondent's answer to file a brief in support of his petition;
>
> (2) the respondent has forty-five (45) days after the petitioner's brief is docketed to file the respondent's brief in opposition; and
>
> (3) the petitioner has thirty days (30) after he receives the respondent's opposition brief to file a reply brief, if the petitioner chooses to file such a brief.
>
> If, instead of filing an answer, the respondent files a dispositive motion (such as a motion to dismiss the petition), the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within forty-five (45) days of the date he receives the respondent's motion. If the respondent chooses to file a reply brief, 16 he must do so within thirty (30) days of the date the petitioner's opposition brief appears on the docket.

Id. at 15-16.

On August 28, 2019, the respondent filed an answer to the petition under Rule 5 of the Rules Governing Section 2254 Cases. Dkt. No. 22. On September 16, 2019, the court received from the petitioner a four-page document titled "Reply To Respondent Answer To Habeas Corpus Petition." Dkt. No. 24. On October 31, 2019, the respondent filed a "Response Brief Opposing Petition For Writ Of Habeas Corpus." Dkt. No. 25.

This order construes Dkt. No. 24 as the petitioner's brief in support of his petition, construes Dkt. No. 25 as the respondent's brief in opposition to

2

the petition, denies the petition, dismisses the case and declines to issue a certificate of appealability.

I. **Background**

   A. State Case

The Wisconsin Court of Appeals recounted that the petitioner's charges arose out of reports of three burglaries in Kenosha throughout 2012. Dkt. No. 22-5 at 2-3. "On August 20, 2012, a witness reported seeing a man putting items, including televisions, into the trunk of a 'two-tone Buick or Cougar' at an address on 37th Avenue." Id. at 2. An apartment owner at that address later reported missing property. Id. "The witness and the owner located the distinctive vehicle parked at a home on 60th Street, and the witness identified [the petitioner] as the man he saw." Id. "Police later recovered a fingerprint on the rear outer door of the apartment building belonging to [the petitioner]." Id. "The vehicle, a Buick with custom rims, was registered to a woman who police identified as [the petitioner's] live-in girlfriend." Id. On November 20, 2012, a homeowner on 31st Avenue reported property missing from his garage; "[s]urveillance footage from the tavern across the street appeared to show the burglary in the background, and a witness identified the car shown on the video as the same Buick located at the home on 60th Street." Id. Witnesses E.S. and G.S. "later identified the man in the video as the same man they had seen committing the burglary, identified by his lanyard, jacket, and hoodie." Id.

On November 23, 2012, homeowners on Washington Road reported a burglary. Id. at 3. Reported missing items included "[a] computer, engagement

3

ring, watch, camera, money, an iphone, and Nike Jordan sneakers." Id. Later that day, Detective Keith Dumesic obtained and executed a warrant to search the petitioner's home. Id. at 3. During the search, officers recovered "[t]he iphone, with pictures of the owner's children, and the sneakers, identified through glitter allegedly belonging to the owner's young child." Id. On February 21, 2013, the State of Wisconsin charged the petitioner with three counts of burglary, three counts of theft and three counts of bail jumping. Id.; State v. Glover, Kenosha County Case No. 13CF202 (available at https://wcca.wicourts.gov). Detective Dumesic testified at trial that when executing the warrant, officers were looking for "electronics, power tools" and "anything else connected with a burglary." Dkt. No. 22-5 at 3. During its closing argument, the State asserted that

> [The petitioner] can tell us that . . . Detective Dumesic is a liar. But who has more to lose? If Detective Dumesic lies to you, he loses his job. If [the petitioner] lies to you, he gets found not guilty.

Id. at 8.

On February 7, 2014, a Kenosha County jury returned verdicts of guilty on all counts. Id. at 3; State v. Glover, Kenosha County Case No. 13CF0202 (available at https://wcca.wicourts.gov). The circuit court sentenced the petitioner to thirteen years of initial confinement followed by six years of extended supervision. Dkt. No. 22-5 at 3.

B.  State Postconviction Proceedings

The petitioner filed a postconviction motion alleging ineffective assistance of trial counsel. Id. The court denied the motion following a Machner[2] hearing. Id. at 3. The petitioner appealed, arguing that trial counsel performed ineffectively for failing to (1) move to suppress evidence that officers recovered from the petitioner's home during the search, "as the search warrant was insufficiently particular and officers exceeded its scope," id. at 4; (2) object to out-of-court identifications, id. at 7; and (3) object to the State's closing argument, id. at 8.

On August 9, 2017, the Wisconsin Court of Appeals affirmed the petitioner's convictions and the circuit court's denial of postconviction relief. Id. at 1. The court rejected the petitioner's ineffective assistance claim based on trial counsel's failure to file a motion to suppress, concluding that trial counsel's decision was reasonable. Id. at 4-6. Finding neither deficient performance nor prejudice to the petitioner, the court rejected the petitioner's claim that trial counsel's failure to object to out-of-court identifications constituted ineffective assistance. Id. at 7. The court noted that at the Machner hearing, trial counsel explained that "he was not 'sure that [E.S. and G.S.] identified [the petitioner],'" and that "'[t]hey provided descriptions of an

---

[2] "A Machner hearing is an evidentiary hearing which may be held when a criminal defendant's trial counsel is challenged for allegedly providing ineffective assistance." Williams v. Grams, No. 06-C-215, 2006 WL 581202, *1 (E.D. Wis. Mar. 8, 2006) (citing State v. Machner, 92 Wis. 2d 797 (Ct. App. 1979)).

5

individual . . . and a clothing description.'" Id. Trial counsel testified that "their 'identification wasn't great' and that 'there were inconsistencies,' which he strategically attempted to use for [the petitioner's] advantage." Id. Recalling trial counsel's conclusion that it "was better to have some confusion in front of a jury than to try to keep certain information out," the court stated that "[t]rial counsel saw inconsistencies in the witnesses' identifications as beneficial to weaken their credibility." Id. at 7-8. The court concluded that "[t]rial counsel's strategic decision not to challenge E.S.'s and G.S.'s identification was reasonable under the circumstances." Id. at 8.

The court also rejected the petitioner's claim that trial counsel performed ineffectively when he failed to object to the State's closing argument. Id. Characterizing trial counsel's decisions to forgo the objection and a related motion for a cautionary instruction as "purely strategic," the court concluded that "[s]trategic decisions made with full knowledge of the facts and law are virtually unchallengeable," and that those decisions did not provide a basis for an ineffective assistance claim. Id. at 8-9 (citing Strickland v. Washington, 466 U.S. 668, 690-91 (1984)).

    C.    Federal *Habeas* Petition (Dkt. No. 1)

On March 1, 2018, the petitioner filed this federal *habeas* petition. Dkt. No. 1. The petitioner raised the same three issues that he had presented to the Wisconsin Court of Appeals: Ground One asserted ineffective assistance of trial counsel for failing to move to suppress the evidence that police recovered while executing the search warrant; Ground Two asserted ineffective assistance of

6

trial counsel for failing to move to suppress E.S. and G.S's identifications; and Ground Three asserted ineffective assistance of trial counsel for failing to object to the State's closing argument. Id. at 6-8. On March 9, 2018, Magistrate Judge William Duffin screened the petition under Rule 4 of the Rules Governing Section 2254 Cases, allowing the petitioner to proceed on each of the claims. Dkt. No. 6.

D. Respondent's Motion to Dismiss the Petition (Dkt. No. 13)

On June 7, 2018, the respondent filed a motion to dismiss the petition for procedural default. Dkt. No. 13. The respondent argued that the petitioner never fairly presented his claims to the Wisconsin courts. Dkt. No. 14 at 3. The respondent explained that when the petitioner litigated his ineffective assistance of counsel claim related to the search warrant in state court, he did so under the Fourth Amendment. Id. The respondent argued that the petitioner failed to fairly present his other claims in his petition for review to the Wisconsin Supreme Court. Id. Stating that the petitioner "acknowledged that he did 'not present these arguments as issues warranting review on their own,'" the respondent concluded that the petitioner "did not develop an argument, explain the operative facts, or provide the controlling legal principles" underlying the claims. Id. The respondent stressed that the petitioner's "entire argument on those two claims consisted of three sentences." Id.

E. Judge Duffin's Report and Recommendation (Dkt. No. 18)

On June 11, 2018, this court referred the respondent's motion to dismiss to Judge Duffin for a report and recommendation. Dkt. No. 15. Judge Duffin

7

issued his report on January 9, 2019, recommending that this court partially grant the motion to dismiss. Dkt. No. 18. He recommended that the court deny the motion as to Ground One, finding that the petitioner fairly presented that claim to the Wisconsin courts. Id. at 8. Conceding that the petition for review in the Wisconsin Supreme Court "emphasized the alleged violation of [the petitioner's] rights under the Fourth Amendment" and did not cite the Sixth Amendment, Judge Duffin concluded that "a reader familiar with criminal appellate procedure (which would surely include any Wisconsin Supreme Court justice) would have readily recognized from the petition for review that the claim was being presented in the context of a claim of ineffective assistance of counsel." Id. at 5. He reasoned that the petition for review in the Wisconsin Supreme Court mentioned that trial counsel did not file any motions to suppress, and that "[a] knowledgeable reader would recognize that the only way the court could reach a Fourth Amendment claim would be through the gateway of a Sixth Amendment claim alleging ineffective assistance of counsel." Id. Judge Duffin also stressed that the petition for review described the litigation of the petitioner's ineffective assistance of counsel claims in the Wisconsin Court of Appeals, and that the Wisconsin Supreme Court's awareness of the Machner hearing further alerted it to an ineffective assistance of counsel issue. Id. at 5-6.

Judge Duffin "[could not] conclude the same with respect to the other claims." Id. at 8. While he agreed that a reference to ineffective assistance of counsel constitutes an implication of the federal right, Judge Duffin found that

8

the petitioner "failed to provide any factual basis for these claims." Id. He concluded that "[t]he Wisconsin Supreme Court would not have understood or appreciated the nature of [the petitioner's] latter two claims," and that "[t]his [fell] far short of 'fair presentment.'" Id. Judge Duffin ruled that the petitioner procedurally defaulted those claims, noting that the petitioner had not argued that the court should excuse his procedural default. Id.

    F.    Petitioner's Response (Dkt. No. 19) and Respondent's Objection (Dkt. No. 20)

On January 18, 2019, the court received a one-page letter from the petitioner. Dkt. No. 19. The letter stated:

> PLEASE TAKE NOTICE, that the above said petitioner is hereby responding to the court's decision in Case No. 18-CV-315. The petitioner is in full agreement with the court decision & order regarding the fact that my trial counsel was ineffective for not filing a requested motion to suppress.
>
> However, I will be awaiting to hear from the respondents as to their position on the court's order. If this case is reversed and remanded back to the circuit court of Kenosha county, the petitioner will be requesting for the trial court to appoint counsel at county expense pursuant to sections 977.08(1)-(5)-Stat. Until then, I will again await to hear from this court and the respondents, as I thank you for your time in this matter.

Id.

That same day, the respondent filed an objection to Judge Duffin's report and recommendation. Dkt. No. 20. The respondent objected only to Judge Duffin's recommendation regarding Ground One. Id. at 1. According to the respondent, Judge Duffin (1) erroneously rejected the argument that the petitioner "did not fairly alert the Wisconsin Supreme Court that he was raising his Fourth Amendment claim through the ineffective assistance framework,"

9

and (2) never addressed the argument that "passing references to this ineffective assistance claim were not a fair presentment of the issue." Id. at 3. The respondent asserted that the petitioner had reformulated his claim from a Sixth Amendment claim in the Court of Appeals to a Fourth Amendment claim in the Wisconsin Supreme Court, then back to a Sixth Amendment claim in his federal *habeas* petition. Id. at 5.

> G. Order Overruling Respondent's Objection and Adopting Judge Duffin's Report and Recommendation (Dkt. No. 21)

On July 24, 2019, this court overruled the respondent's objection, adopted Judge Duffin's report and recommendation, granted in part and denied in part the motion to dismiss and set a briefing schedule. Dkt. No. 21. The court concluded that the petitioner had fairly presented Ground One to the Wisconsin courts. Id. at 9. The court noted that in its response to the petition for review in the Wisconsin Supreme Court, the State had argued that the petitioner was "not raising a Fourth Amendment claim but rather [was] raising the narrower issue of whether his trial counsel provided ineffective assistance by not making a Fourth Amendment claim." Id. at 11 (citing dkt. no. 14-7 at 4). The court observed that "federal and Wisconsin state courts have said that '[w]hen the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, we have required that a defendant prove the motion was meritorious.'" Id. at 12 (quoting United States v. Cieslowski, 410 F.3d 353, 360 (7th Cir. 2005); United States v. Stewart, 388 F.3d 1079, 1084 (7th Cir. 2005)). And, the court recalled, "[t]he petitioner lost his ineffective assistance of counsel claim in the court of appeals because he could not show

that the Fourth Amendment motion to suppress had merit, so he argued in his petition for review that the Fourth Amendment did have merit." Id. at 12-13. To the court, "[t]his choice merely reflect[ed] the reality that a defendant cannot prevail on an ineffective assistance of counsel [claim] without showing that he had an underlying constitutional claim that would have been successful, had his counsel raised it." Id. at 13.

The court agreed with Judge Duffin that any Wisconsin Supreme Court justice "would have readily recognized from the petition for review that the claim was being presented in the context of a claim of ineffective assistance of counsel." Id. Acknowledging the respondent's "repeated arguments" that the petition for review raised Fourth Amendment claims in the context of a Sixth Amendment claim, the court "[found] it disingenuous for the respondent to argue that the Wisconsin Supreme Court would not have made the same, obvious observation." Id. The court found no clear error in Judge Duffin's conclusion that the petitioner procedurally defaulted his other claims, adopted that conclusion and ordered Grounds Two and Three dismissed. Id. at 14-15.

H.  Briefing on the Merits

1.  *Petitioner's Reply to Respondent Answer to Habeas Corpus Petition (Dkt. No. 24)*

On September 16, 2019, the petitioner filed a document that the court has construed as his brief in support of Ground One.[3] Dkt. No. 24. The

---

[3] The second sentence of the document states, "The petitioner would like to enter this brief in support of his petition on the merits of ground one." Dkt. No. 24 at 1.

11

petitioner argues that "his Sixth Amendment right was violated by the way of failure to present a critical Fourth Amendment violation." Id. at 2. He contends that the warrant on which officers relied to search his home failed to satisfy the Fourth Amendment's particularity requirement. Id. at 3. Stating that the warrant's use of "generic terms and general descriptions" was unconstitutional, the petitioner argues that his attorney should have moved to suppress any evidence recovered as a result of the warrant. Id. at 3-4. He argues that trial counsel "had no reasonable strategy for not filing a motion to suppress and was wrong to conclude the motion did not have merit." Id. at 4. The petitioner asserts that trial counsel could have questioned "[w]hether the State may argue the applicability of good faith exception for the first time on appeal," and "[w]hether good faith exception may apply where a detective knew he had to include specific information in a search war[a]nt, had specific information but choose not to include it in a search war[a]nt he relied on to search defendant home." Id.

2. *Respondent's Brief Opposing Petition (Dkt. No. 25)*

The respondent argues that to obtain *habeas* relief, "[the petitioner] needs to overcome three layers of deference." Dkt. No. 25 at 7. He asserts that the petitioner must show that (1) "the state appellate court's decision went 'beyond any possibility for fairminded disagreement,'" id. (citing Harrington v. Richter, 562 U.S. 86, 103 (2011)); (2) "his trial lawyer's decision not to file a suppression motion was outside 'the wide range of reasonable professional assistance,'" id. at 7-8 (citing Strickland, 466 U.S. at 689); and (3) "the police

reliance on the search warrant was objectively unreasonable," id. at 8 (citing United States v. Leon, 468 U.S. 897, 922 (1984)). Putting it another way, the respondent asserts that "[the petitioner] must show that (1) the state appellate court *unreasonably* decided that (2) trial counsel could *reasonably* think that (3) the police *reasonably* relied on the search warrant." Id. at 9-10 (emphasis in original).

The respondent concludes that "[t]he court of appeals reasonably determined that trial counsel could reasonably think that the police reasonably relied on the warrant." Id. at 13. Finding it "relevant to all three layers of deference," the respondent argues that the Court of Appeals' decision "was correct because 'a warrant need not be more specific than knowledge allows.'" Id. at 11 (citing United States v. Bishop, 910 F.3d 335, 338 (7th Cir. 2018)). The respondent contends that the Wisconsin Court of Appeals correctly applied Leon when it found that the officers reasonably relied on the warrant; he asserts that the court correctly applied Strickland when it concluded that trial counsel reasonably chose not to file the motion to suppress evidence recovered during the search. Id. at 12-13.

The respondent maintains that the petitioner's claim is undeveloped. Id. at 15. Stating that the petitioner "has not even tried to develop an argument on the prejudice prong of *Strickland*," the respondent asserts that "[t]his failing alone is a sufficient reason for denying him federal habeas relief." Id. Addressing the prejudice prong of Strickland himself, the respondent states that it is "inconceivable how the evidence in question could have affected the

13

jury's verdicts." Id. He reasons that "[w]hile searching [the petitioner's] home, police found items that had been stolen in the *third* burglary," and that therefore, it is "difficult to imagine how that evidence could have affected the verdicts related to the first two burglaries." Id.

**II. Analysis**

    A.    Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §2254(d)(1), (2)). A federal *habeas* court reviews the decision of the last state court to rule on the merits of the petitioner's claim. Charlton v. Davis, 439 F.3d 369, 374 (7th Cir. 2006).

"'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). Indeed, "[t]he 'unreasonable application' clause requires the state court decision to be *more* than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable."

14

Lockyer v. Andrade, 538 U.S. 63, 71 (2003) (emphasis added). In other words, §2254(d)(1) allows a court to grant *habeas* relief only where it determines that the state court applied federal law in an "objectively unreasonable" way. Renico, 559 U.S. at 773. "A state court's determination that a claim lacks merit precludes federal *habeas* relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 102 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under §2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

    B.    <u>Ineffective Assistance of Counsel</u>

"Under *Strickland v. Washington*'s familiar, two-pronged test for ineffective assistance of counsel, [the petitioner] must demonstrate that (1) his counsel's performance was deficient; and (2) that deficiency resulted in prejudice." United States v. Berg, 714 F.3d 490, 496-97 (7th Cir. 2013) (citing Strickland, 466 U.S. at 687). "The performance prong of *Strickland* requires a [petitioner] to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105 (quoting Strickland, 466 U.S. at 690). "To establish *Strickland* prejudice a defendant must 'show that there is a

15

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694).

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential", and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

Harrington, 562 U.S. at 105 (internal citations and quotations omitted).

The petitioner contends that his trial counsel was ineffective for failing to file a motion to suppress evidence that officers recovered from his home while executing an allegedly improper search warrant; he maintains that his trial counsel "had no reasonable strategy for not filing a motion to suppress and was wrong to conclude the motion did not have merit." Dkt. No. 24 at 4. "'To avoid the inevitable temptation to evaluate a lawyer's performance through the distorting lens of hindsight, *Strickland* establishes a deferential presumption that strategic judgments made by defense counsel are reasonable.'" Jones v. Calloway, 842 F.3d 454, 464 (7th Cir. 2016) (quoting Mosley v. Atchinson, 689 F.3d 838, 848 (7th Cir. 2012).

The Wisconsin Court of Appeals reviewed trial counsel's testimony at the Machner hearing. Dkt. No. 22-5 at 5. During that hearing, "trial counsel testified he that he did not file a motion to suppress because he 'didn't think it

16

was a valid motion,' specifically that he didn't believe the motion would be successful on the merits." Id. The court recounted the law controlling the good faith exception in Wisconsin courts:

> We apply the good faith exception where "the officers conducting an illegal search 'acted in the objectively reasonable belief that their conduct did not violate the Fourth Amendment.'" ***State v. Dearborn***, . . . 327 Wis. 2d 252, 786 . . . (quoting ***United States v. Leon***, 468 U.S. 897, 918 (1984)). Where officers act in accordance with a search warrant, we apply the good faith exception if (1) "officers conducted a significant investigation prior to obtaining the warrant," (2) "the affidavit supporting the warrant was reviewed by either a police officer trained and knowledgeable in the requirements of probable cause and reasonable suspicion, or a knowledgeable government attorney," and (3) "a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization, rendering the officers' reliance on the warrant unreasonable." ***State v. Scull***, . . . 361 Wis. 2d 288 . . .

Id.

The Court of Appeals concluded that "trial counsel's decision not to file a motion to suppress was not deficient performance as it was reasonable to conclude that the circuit court would have applied the good faith exception to the exclusionary rule to deny the motion." Id. It reasoned that in his trial testimony, Detective Dumesic (1) "outlined the significant investigation used to narrow in on [the petitioner] as the suspect through surveillance footage, photographs, and personal interviews," (2) explained that he "identified the distinctive Buick seen in the surveillance footage from the tavern, learned from another officer that [the petitioner] had been regularly seen driving the Buick, and met with E.S. and G.S. who said that [the petitioner] looked like the burglar," (3) stated that "he had prepared about sixty or so search warrants during his twenty-two year career," and (4) stated that "the affidavit properly

17

sought to establish probable cause through a discussion of the investigation into the November 20 burglary and other burglaries in which he suspected [the petitioner's] involvement." Id. at 6.

Concluding that officers reasonably relied on the search warrant, the court held that "[u]nder the circumstances, the warrant was not so facially deficient that an officer could not reasonably rely on its validity." Id. (citing State v. Marquardt, 286 Wis. 2d 204, 215 (2005)). The court noted that "[a]t the time Dumesic drafted the warrant, he suspected that [the petitioner] was involved in approximately fourteen burglaries, in which some homes had more than forty-five items stolen." Id. It recalled Dumesic's testimony that "he did not 'think there was any realistic way to literally list all the items, especially since some of the people didn't have the serial numbers or even know the brand name of the items that were stolen.'" Id. The court found that trial counsel's performance was not deficient, stating that "a reasonable attorney could have concluded that a motion to suppress the evidence recovered under the search warrant was not meritorious." Id.

The Court of Appeals' conclusion fell within the bounds of reasonableness as §2254(d) requires. The petitioner's trial counsel exercised strategic judgment in his choice not to file a motion to suppress particular evidence; his testimony at the Machner hearing reflected his belief that filing the motion would have been unsuccessful. Id. at 5. "Failure to raise a losing argument or pursue a futile motion to suppress does not constitute ineffective assistance." Perez v. U.S., 286 F. Appx. 328 (7th Cir. 2008) (citing Whitehead v.

18

Cowan, 263 F.3d 708, 731 (7th Cir. 2001); United States v. Jackson, 103 F.3d 561, 575 (7th Cir. 1996)). That trial counsel's strategy did not result in an acquittal does not render the decision less strategic. Harrington, 562 U.S. at 109 ("the prosecution's response shows merely that the defense strategy did not work out as well as counsel had hoped, not that counsel was incompetent."). Given Dumesic's testimony regarding the investigation and the potential application of the good faith exception to the exclusionary rule, trial counsel's conclusion that the motion to suppress would have been unsuccessful was reasonable.

Because trial counsel's decision not file a motion to suppress the evidence that officers obtained while executing the search warrant was a matter of reasonable trial strategy and such decisions are "virtually unchallengeable on appeal," Strickland, 466 U.S. at 690, the Wisconsin Court of Appeals did not unreasonably apply Strickland.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484

19

(2000) (internal quotations omitted). The court declines to issue a certificate of appealability, because reasonable jurists could not debate whether the petitioner's claims warrant *habeas* relief under 28 U.S.C. §2254(d).

## IV. Conclusion

The court **CONSTRUES** the petitioner's filing at Dkt. No. 24 as a brief in support of the petition.

The court **CONSTRUES** the respondent's filing at Dkt. No. 25 as a brief in opposition to the petition.

The court **DISMISSES** the petitioner's petition for writ of *habeas corpus* under 28 U.S.C. §2254.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 13th day of July, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**